# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL L. MEIER,

    Plaintiff,

v.                                          Case No. 07-CV-11410

ROBERT L. GREEN,

    Defendant.
                                  /

## OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR DEFAULT JUDGMENT," GRANTING DEFENDANT'S "EMERGENCY MOTION FOR A PROTECTIVE ORDER" AND DENYING WITHOUT PREJUDICE DEFENDANT'S "MOTION FOR SANCTIONS"

Pending before the court is Plaintiff Daniel L. Meier's May 29, 2007 "Motion for Default Judgment." Defendant Robert L. Green filed a "Brief in Response to Plaintiff's Motion for Default" on June 11, 2007. In his motion, Plaintiff seeks relief pursuant to Rules 12(a)(1)(A), 55(a), and 55(b)(2). For the reasons stated below, the court will deny Plaintiff's motion.

Further, Defendant has filed an "Emergency Motion for a Protective Order," which the court will grant, and a "Motion for Sanctions," which the court will deny without prejudice.

## I. BACKGROUND

Plaintiff originally filed a complaint against Defendant on March 30, 2007, alleging intentional infliction of emotional distress, violations of Title VII of the Civil Rights Act of 1964, and violations of the 14th Amendment to the U.S. Constitution. (Compl. at 12-23.) Plaintiff requested a jury trial and sought judgment in the amount of $3,425,000,

plus compensatory, punitive and exemplary damages, and any other legal or equitable relief the court deems appropriate. (*Id.* at 26.)

On March 30, 2007, Plaintiff submitted an application to proceed without prepayment of fees under 28 U.S.C. § 1915, which this court granted on April 3, 2007. (4/3/07 Order at 1.) The court also granted Plaintiff's subsequent request that service be effected by a United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). (4/18/07 Order at 1.)

On April 25, 2007, a "Certificate of Service" was docketed with the court indicating that the U.S. Marshals were in receipt of the Summons or Waiver of Summons forms, the Order Directing Service and one copy of the Complaint. There is no other information on the docket pertaining to service of process. Plaintiff's current motion asserts that he is entitled to default judgment under Federal Rule of Civil Procedure 55 for defendant's failure to respond within 20 days after being served, in violation of Federal Rule of Civil Procedure 12(a)(1)(A). (Pl.'s Mot. at ¶ 5.)

On June 6, 2007, Defendant appeared and filed three motions: a motion for sanctions, a motion for a protective order and a motion to dismiss. Defendant filed a response to Plaintiff's motion for default judgment on June 11, 2007.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### A. Standard

Federal Rule of Civil Procedure 4 states that the plaintiff is responsible for serving the defendant. Fed. R. Civ. P. 4(c)(1). However, Rule 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United

States marshal . . . Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(2).

Service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located, by delivering a copy of the summons and complaint to the individual personally, by leaving copies with an appropriate person residing at the defendant's usual place of abode or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). The defendant may waive service of a summons if requested to do so by the plaintiff. Fed. R. Civ. P. 4(d)(2). "A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent." Fed. R. Civ. P. 4(d)(3). A defendant who has not waived service of the summons and complaint shall serve an answer within 20 days after being served. Fed. R. Civ. P. 12(a)(1)(A).

If a defendant fails to plead or otherwise defend the claim, the clerk shall enter the party's default. Fed. R. Civ. P. 55(a). In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed R. Civ. P. 55(b). When the plaintiff's complaint alleges damages for a sum certain, "the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party

entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2).

## B. Discussion

Plaintiff contends that (1) Defendant "was served with a subpoena and copy of the complaint and more than 20 days has passed since the service," (Pl.'s Mot. at ¶ 5), and (2) since Defendant did not respond within 20 days, Plaintiff is entitled to default judgment under Fed. R. Civ. P. 55.

### 1. Service of Process

Plaintiff alleges that Defendant was served by the U.S. Marshal's Office "via certified mail at the end of April although the defendant had thus far refused to sign for the documents." (Pl.'s Mot. at ¶ 3.) The docket entry on April 25, 2007 indicates that a Certificate of Service was filed with the clerk. A Certificate of Service indicates merely that the U.S. Marshal's Service is in possession of specified documents to be served, but not that service has been effectuated. The filing date of the Certificate of Service is, therefore, not necessarily the date that the Defendant was served.

In response to Plaintiff's motion, Defendant asserts that "the U.S. Marshals mailed, via U.S. Priority Mail, a copy of the summons and complaint and a 'Notice and Acknowledgement of Receipt of Summons and Complaint by Mail' form to Defendant's residence" on May 16, 2007. (Def.'s Br. at 1.) This contention is supported by the inclusion on the docket of an electronic copy of the envelope mailed by the U.S. Marshals Service. (Def.'s Br. Ex. 3.)

As recited above, service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district

4

court is located. Fed. R. Civ. P. 4(e)(1). Michigan Court Rule 2.105 provides that process may be served on a resident or nonresident individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(a). Here, the summons and complaint were not served on the defendant personally, nor has the Plaintiff identified a return receipt signed by the Defendant as proof showing service under Mich. Ct. R. 2.105(A)(2).

Further, while Federal Rule of Civil Procedure 4 also provides for service upon an individual through various methods, Fed. R. Civ. P. 4(e)(2), by requesting that service by effected by the U.S. Marshals Service pursuant to Rule 4(c)(2), Plaintiff made no attempt to personally serve the Defendant in any manner permitted by Rule 4(e)(2). Plaintiff left the choice of method to effectuate service to the U.S. Marshals Service, which apparently attempted to effectuate service pursuant to Mich. Ct. R. 2.105(A)(2).[1]

---

[1] Even if the court were to conclude that service was proper under Mich. Ct. R. 2.105, Defendant was served no earlier than May 17, 2007, the day after the postmark on the package mailed by the U.S. Marshals Service. Defendant filed "Defendant's Motion to Dismiss" with the court clerk on June 6, 2007, 20 days after the earliest possible date of receipt of the summons and complaint calculated according to Rule 6(a). As such, Defendant acknowledged and responded to Plaintiff's complaint in a timely manner pursuant to Rule 12(a)(1)(A).

5

It appears to the court, therefore, that while service may have been attempted under Mich. Ct. R. 2.105(A)(2), service was not effectuated or, if it was, it was not effectuated prior to Plaintiff filing the instant motion for default judgment.[2]

Finally, Defendant is also correct in noting that "[t]o the extent that the United States Marshal's mailing is considered a request for a waiver of service pursuant to Federal Rule of Civil Procedure 4(d), Defendant's response was still timely." (Def.'s Br. at 3.) As noted above, "[a] defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent." Fed. R. Civ. P. 4(d)(3). If the mailing were to be considered a request for waiver of service under Rule 4(d)(2), then the Defendant would not be required to serve an answer until July 16, 2007.

## 2. Default Judgment

Default judgment is only appropriate where a defendant fails to plead or otherwise defend the claim asserted by the Plaintiff. Fed. R. Civ. P. 55(a). Because Defendant filed a timely response to Plaintiff's summons and complaint, Plaintiff is not entitled to default judgment.

Even if Defendant had not timely filed a responsive pleading, there exist sufficient procedural grounds for denying the requested relief. In order to obtain judgment by

---

[2]Inasmuch as Defendant has since appeared and filed a motion to dismiss, Defendant has apparently waived any objection to insufficiency of service of process and has instead elected to move to dismiss this case on the merits. Thus, the court need not determine the exact date or method on which Defendant was served, other than to decide, as discussed above, that at the time Plaintiff filed his motion for default judgment, Defendant was not in default.

default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). If obtained, then the proponent may file for default judgment by the clerk, or by the court. Fed R. Civ. P. 55(b). Because Plaintiff did not request the clerk's entry of default prior to seeking judgment by the court, Plaintiff's motion for default judgment is not properly before this court.

### III. DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

On June 6, 2007, Defendant filed an "Emergency Motion for a Protective Order." In his motion, Defendant asserts that in previous lawsuits between the parties, Plaintiff has improperly sought discovery at early stages in the lawsuits, without providing proper notice to Defendant. Defendant therefore requests that the court issue a protective order which bars any discovery until the court resolves Defendant's pending motion to dismiss. Although the time for a response has not yet expired, *see* E.D. Mich. LR 7.1(d)(2)(B), the court concludes that Defendant's motion seeks relief to which he is undisputedly entitled under the Federal Rules. Specifically, Rule 26 provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). The Rule 26(f) conference need not occur until, at the latest, 21 days prior to a scheduling conference. *See* Fed. R. Civ. P. 26(f). Moreover, the court has discretion to alter the timing and sequence of discovery pursuant to Rule 26(d). In light of the pending motion to dismiss, the court will not conduct a scheduling conference until the motion to dismiss has been resolved. The court also determines, pursuant to Rule 26(d), that no discovery should be taken until, at the earliest, the motion to dismiss has been resolved.

Thus, without making any determination as to whether Defendant's factual assertions are well-founded, the court will grant Defendant's motion.

## IV. DEFENDANT'S MOTION FOR SANCTIONS

Also pending before the court is Defendant's June 6, 2007 "Motion for Sanctions." As with the motion for a protective order, the time for a response has not yet expired. *See* E.D. Mich. LR 7.1(d)(2)(B). Nonetheless, having reviewed the motion, the court concludes that it is premature and will therefore deny it without prejudice.

In his motion, Defendant argues that Plaintiff's conduct in pursuing this matter entitles Defendant to various forms of sanctions under the court's inherent authority and Federal Rule of Civil Procedure 11. Defendant's motion, however, is premised upon the merits of his motion to dismiss, which has not yet been resolved. Moreover, it does not appear that Defendant complied with Rule 11(c)(1)(A)'s safe harbor provision, which requires the movant to first serve its Rule 11 motion on the opposing party and allow that party 21 days to abandon the vexatious or untenable position before the actual filing of the Rule 11 motion. The court will therefore deny the motion, at this point, as premature.[3]

---

[3] The court also notes that it is dubious as to whether, assuming the merits of Defendant's motion to dismiss, Defendant can obtain at least two forms of relief he seeks in his motion for sanctions. Specifically, while the court certainly has the authority to award Defendant all of his actual costs and fees incurred in this case, the court is skeptical as to whether it has the authority to limit Plaintiff's free speech rights as requested in Defendant's motion or whether the circumstances of this case allow the extreme relief of requiring a bond to post before initiating future lawsuits. The court is not expressing a final ruling on these issues, but notes only that if Defendant elects to pursue these sanctions at the appropriate time, Defendant will need further authority to persuade the court as to *these* forms of relief.

## V.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Default Judgment" [Dkt. # 9] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Emergency Motion for a Protective Order" [Dkt. # 12] is GRANTED.  The parties are therefore BARRED from seeking any discovery, from any source, until the motion to dismiss has been resolved.

Finally, IT IS ORDERED that Defendant's "Motion for Sanctions" [Dkt. # 13] is DENIED WITHOUT PREJUDICE.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 14, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 14, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522