**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL L. MEIER,

    Plaintiff,

v.                                                 Case No. 07-CV-11410

ROBERT L. GREEN,

    Defendant.
                                           /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION FOR SURETY AND DENYING PLAINTIFF'S
COUNTER-MOTION FOR SANCTIONS**

Pending before the court is Defendant Robert L. Green's motion to dismiss, filed on June 6, 2007. Plaintiff Daniel L. Meier filed a response on June 20, 2007, and the court conducted a hearing on the motion on June 26, 2007. For the reasons stated on the record, and more fully articulated below, the court will grant the motion.

**I. BACKGROUND**

Plaintiff initiated this action on March 30, 2007, asserting that the court has subject matter jurisdiction over this case because of the federal issues implicated. *See* 28 U.S.C. § 1331. Specifically, Plaintiff states that his case is brought under "federal labor laws, statutes, and civil rights protections, and denial of rights guaranteed under the U.S. Constitution." (Compl. at ¶ 10.) Plaintiff acknowledges that "[p]ortions of this suit were filed previously in Wayne County District Court," (*id.* at ¶ 1) but claims that this court has "federal jurisdiction to review the sufficiency of state procedures," (*id.* at ¶ 10). Plaintiff also asserts that federal jurisdiction exists because he was "denied his

constitutional right to a jury trial and due process rights under the 7th and 14th amendments to the Constitution respectively and harassed in violation of Title VII of the Civil Rights Act of 1964 [('Title VII')]." (*Id.*)

Plaintiff's *pro se* complaint asserts that he was subjected to various forms of threats, harassment and unfair treatment by Defendant Robert L. Green who was apparently Plaintiff's supervisor when he was employed by Detroit Diesel Corporation ("DDC"). Plaintiff's employment with DDC was terminated on October 7, 2005. (Compl. at ¶ 5.) Plaintiff brings two enumerated causes of action: a claim for the tort of "outrage," or intentional infliction of emotional distress, under Count 1, and an alleged violation of Title VII (sexual harassment) under Count 2. (*Id.* at ¶¶ 28-29, 30-32.) Plaintiff also appears to bring some sort of constitutional claim for a violation of the 7th and 14th Amendments' jury trial and due process guarantees. (*Id.* at ¶¶ 43-46.)

Defendant filed his motion to dismiss on June 6, 2007, asserting that Defendant's complaint is barred in whole or in part by the doctrine of *res judicata* and the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Defendant further asserts that Plaintiff's asserted federal causes of action fail to state a claim upon which relief can be granted. Plaintiff filed a response on June 20, 2006, and also responded orally at a hearing on June 26, 2007.

## II.  STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).  "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."  *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  *Wright*, 58 F.3d at 1138; *Columbia Nat'l Res., Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995).  The complaint should give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Lillard*, 76 F.3d at 726 (emphasis in original) (citation omitted).

When the motion to dismiss relies on matters outside the pleadings, "the motion

shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). "Whether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case." *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (quoting *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998)). "However, '[w]here one party is likely to be surprised by the proceedings, notice is required.'" *Id.* (citing *Salehpour*, 159 F.3d at 204).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although *matters of public record, orders*, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphases added and omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III. DISCUSSION

As explained to Plaintiff at the June 26, 2007 hearing, Plaintiff's oral and written responses are insufficient to persuade the court that dismissal is not warranted. Plaintiff has brought the same or similar allegations against Defendant Green or DDC in three prior lawsuits.[1] He admits that the allegations in the instant lawsuit are, at least partially,

---

[1]First Plaintiff filed a complaint against DDC in Wayne County Circuit Court, (Def.'s Ex. 1), which resulted in a summary disposition in DDC's favor, (Def.'s Ex. 2).

4

identical to those he brought previously. (*Id.* at ¶ 1.) Plaintiff's state law claims are barred by *res judicata* and the *Rooker-Feldman* doctrine. Further, Plaintiff's federal claims are either barred by the *Rooker-Feldman* doctrine or fail to state a claim upon which relief can be granted.

### A. Federal Claims

First, Plaintiff's Title VII claim must be dismissed because he brings his claim against Defendant Green, a former supervisor. Individual employees or supervisors may not be held personally liable under Title VII. *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997). Additionally, before bringing a Title VII action in federal district court, a plaintiff must first file an administrative charge with the EEOC, and Plaintiff has failed to demonstrate or even allege that he filed such a charge in this case. *See Jones v. Truck Drivers Local Union No.* 299, 748 F.2d 1083, 1086 (6th Cir. 1984). Plaintiff has not offered any legal authority that would allow a Title VII claim to proceed against Defendant Green. Accordingly, this claim will be dismissed.

To the extent Plaintiff raises any additional federal claims, they are purportedly brought under the 7th and 14th amendments to the Constitution. (*Compl.* at ¶¶ 10, 43-46). Leaving aside the obvious substantive defect that Plaintiff has filed this action against a private individual, not against the state or a state actor, Plaintiff's complaint is further defective in that he is essentially arguing that the state court proceedings were

---

This decision was affirmed on appeal. (Def.'s Ex. 3.) Plaintiff next filed a complaint against Defendant Green in Wayne County Circuit Court, (Def.'s Ex. 4), which was dismissed pursuant to the doctrine of *res judicata*, (Def.'s Ex. 5 & 6.) Finally, Plaintiff filed an action against DDC in the United States District Court for the Western District of Michigan. (Def.'s Ex. 7.) The federal action was dismissed for lack of subject matter jurisdiction. (Def.'s Ex. 9.)

5

constitutionally infirm and that this court should correct them. Contrary to Plaintiff's argument, however, this court does not have "federal jurisdiction to review the sufficiency of state procedures." (Compl. at ¶ 10). Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions.[2] *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine). The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). The Supreme Court recently reaffirmed the doctrine, holding that the

---

[2]It was apparent to the court at the hearing that Plaintiff understood the general concept of the *Rooker-Feldman* doctrine. Nonetheless, Plaintiff argued that the doctrine should not apply in this case because he claims that the state court violated his constitutional rights when it resolved the two underlying state court cases. Plaintiff further contends that, because of these violations and other errors which the state court allegedly committed, the state court judgments are, effectively, void and therefore the *Rooker-Feldman* doctrine does not apply. While the court recognizes Plaintiff's frustration in what he, presumably, sincerely believes was a miscarriage of justice, Plaintiff's argument quite simply flies in the face of the *Rooker-Feldman* doctrine. In order to litigate these claims and allegations, the court would necessarily have to review the sufficiency of the state court proceedings and the merits of the state court decisions, which is prohibited under the *Rooker-Feldman* doctrine. As explained at the hearing, if a plaintiff were allowed to bring claims previously disposed of by a state court simply by alleging, or even proving, that the state court proceedings or decisions were defective, the *Rooker-Feldman* doctrine would be eviscerated. Even if, as Plaintiff suggests, the state court "got it wrong," this court simply has no authority to correct the state court's alleged mistake. Inferior federal courts are not appellate courts to state courts. As stated above, Plaintiff's recourse was to appeal through the state court system and, perhaps, to the United States Supreme Court.

doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."³ *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because they invite the court to review the procedural and substantive legitimacy of the previous state court proceedings, Plaintiff's constitutional claims are barred by the *Rooker-Feldman* doctrine.

### B. State Law Claims

To the extent that Plaintiff attempts to bring state law claims that he previously asserted in state court, the court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine, as discussed above. Although Plaintiff asserts that he can proceed with a claim for the tort of "outrage," this claim was brought and dismissed against

---

³At the hearing, Plaintiff cited *Guttman v. G.T.S. Khalsa*, 446 F.3d 1027 (10th Cir. 2006), for the proposition that the *Rooker-Feldman* doctrine does not apply to his case because the Michigan Supreme Court never reviewed either of his cases. Plaintiff's reliance is misplaced, as *Guttman*, a Tenth Circuit case, reaffirmed the general rule of *Rooker-Feldman* that "a federal district court does not have subject matter jurisdiction to review a case that was resolved by state courts . . . even if the claim forming the basis of the challenge was not raised in the state proceedings." *Id.* at 1031 (citations omitted). *Guttman* explained that the historical background of this doctrine is based on 28 U.S.C. § 1257(a), which states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari," and that "the Supreme Court interpreted § 1257(a) to mean that only the Supreme Court can hear appeals from final judgments of state courts." *Guttman*, 446 F.3d at 1031. This does not mean, as Plaintiff suggests, that only those opinions rendered by the highest court of a state invoke the *Rooker-Feldman* doctrine. It only means that, in order for the *Rooker-Feldman* doctrine to be applicable, the state court judgment must be final, and all appeals ended. *See id.* at 1032, n.2. Because the Michigan Supreme Court denied leave to appeal in Plaintiff's first case, and because Plaintiff did not appeal in his second state court case, both cases are final for *Rooker-Feldman* purposes. Nor does it matter that Plaintiff claims he did not receive a copy of the relevant court opinion in the second court case in time to file an appeal. Here again, he should have sought recourse for this alleged procedural error in state court by filing the proper motion or petition in state court.

7

Defendant Green in Plaintiff's second state court action, Case No. 06-619327. (Def.'s Ex. 4 at 10; Def.'s Exs. 5 & 6.) Plaintiff cannot now challenge in this court the state court's decision to dismiss this claim. The proper avenue for relief would have been to appeal the state court's decision. This court simply lacks jurisdiction to review challenges to state court decisions. *Tropf*, 289 F.3d at 936.

Finally, Plaintiff's complaint is also barred by the doctrine of *res judicata.* The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give a state court judgment "the same preclusive effect it would have under the law of the state whose court issued the judgment." *Heyliger v. State Univ. and Cmty. College Sys. of Tennessee*, 126 F.3d 849 851-52 (6th Cir. 1997) (citing *Migra v. Warren City School Dist.,* 465 U.S. 75, 81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980)).

Under Michigan law, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart v. Dart,* 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz,* 521 N.W.2d 847 (Mich. Ct. App. 1994)). Under the doctrine of res judicata, the subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* (citation omitted). In applying this test, "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Gose v. Monroe Auto Equip. Co.,* 294 N.W.2d 165 (Mich. 1980); *Sprague v. Buhagiar,* 539 N.W.2d 587 (Mich. Ct. App. 1995)).

8

In this case, Plaintiff's state law claims against Defendant Green could have been brought in the first state court action he filed against DDC, because they arise from the same transaction and could have been resolved in the same proceeding. Although Defendant Green was not a party to the first action, there is privity between Green and his employer DDC such to implicate *res judicata*. *See Peterson Novelties, Inc. v. City of Berkley,* 672 N.W.2d 351, 359 (Mich. Ct. App. 2003) ("The parties to the second action need be only substantially identical to the parties in the first action, in that the rule applies to both parties and their privies. . . . [A] privy includes a person so identified in interest with another that he represents the same legal right, such as a principal to an agent, a master to a servant, or an indemnitor to an indemnitee.").

Further, even if the first action does not have preclusive effect on the current litigation, Plaintiff's second state court action, asserted against Green, certainly does. Indeed, in the second state court action, the state court ruled that Plaintiff's complaint, including his claim for "Outrage (Intentional Infliction of Emotional Distress)" was barred by the doctrine of res judicata. (See Def.'s Ex. 6 at 12.) The state court held that Plaintiff "should have raised this cause of action in the prior lawsuit" and that there was "a sufficient identity of interest, that this is a claim which should have been brought in the underlying claim and that both the doctrines of res judicata and collateral estoppel would forestall the refiling of the cause of action here." (*Id.*) Thus, Plaintiff's current action is barred, not only by the first state court action, but also by the second state court action, given the state court's decision to dismiss the claims against Green under the doctrine of *res judicata.*

Finally, to the extent that Plaintiff's *pro se* complaint can be read to assert state court claims that were not previously brought in any of his two prior state court lawsuits, he is nonetheless barred from bringing them in this case. Under Michigan law, *res judicata* applies "not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Dubuc v. Green Oak Tp.,* 117 F. Supp. 2d 610, 622 (E.D. Mich. 2000) (citing *VanderWall v. Midkiff,* 463 N.W.2d 219 (Mich. Ct. App. 1990)). Indeed, Michigan has a clear policy against claim splitting. *See Schwartz v. City of Flint*, 466 N.W.2d 357, 359 (Mich. Ct. App. 1991) ("The doctrine of res judicata is a manifestation of the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting in the inefficient use of judicial time.") (citing *Rogers v. Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 275 N.W.2d 499 (Mich. 1979); *Sherrell v. Bugaski,* 425 N.W.2d 707 (Mich. Ct. App. 1988)). Plaintiff's complaint arises out of the same operative facts as his previous lawsuits, and he is simply not entitled to maintain yet another lawsuit based on these facts. Accordingly, the court finds that Defendant's motion to dismiss must be granted.

### C. Plaintiff's Remaining Motions

Finally, the court notes that in his response to Defendant's motion to dismiss, Plaintiff attempts to bring a "motion for surety." The court disapproves of briefs that are simultaneously submitted in support of one motion and in opposition to another. Such response/motion hybrids have the potential of confusing the docket, which could lead to delayed proceedings or unresolved motions. Additionally, such hybrid response/motion

10

briefs also circumvent the local rules which require motions and supporting briefs to be separate.  *See* E.D. Mich. 7.1(c)(1)(A).  The court would normally require Plaintiff to resubmit his "motion for surety" as a separate motion.  However, given that Defendant's motion to dismiss will be granted, any such motion is futile.  The court will therefore deny Plaintiff's motion.

Similarly, Plaintiff has brought a counter-motion for sanctions in his combined response to Defendant's motion for sanctions and Defendant's motion for protective order.  The court has reviewed Plaintiff's request for sanctions, and determines that Plaintiff has failed to identify any sanctionable conduct by Defendant or his attorney in connection with this case.  The merits of Plaintiff's motion for default judgment, Defendant's motion for sanctions and Defendant's motion for protective order were resolved in the court's June 14, 2007 opinion and order [Dkt. # 16].  Defendant prevailed on Plaintiff's motion for default judgment and on Defendant's motion for protective order.  While Defendant's motion for sanctions was denied without prejudice, the court does not find that the motion was frivolous or brought for any improper purpose.  Accordingly, Plaintiff's counter-motion for sanctions will be denied.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 11] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for surety [Dkt. # 18], improperly contained within his response to Defendant's motion to dismiss, is DENIED and Plaintiff's counter-motion for sanctions [Dkt. # 19], improperly contained within his response to Defendant's motion for sanctions and motion for protective order, is DENIED.

S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated: June 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2007, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522