**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL L. MEIER,

        Plaintiff,

v.                                       Case No. 07-CV-11410

ROBERT L. GREEN,

        Defendant.

                                              /

### OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR SANCTIONS" AND DENYING PLAINTIFF'S "COUNTER MOTION FOR SANCTIONS"

Pending before the court is Defendant Robert Green's July 23, 2007 "Motion for Sanctions" under Federal Rule of Civil Procedure 11 and Plaintiff Daniel Meier's July 27, 2007 "Counter Motion for Sanctions." The matter has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion and deny Plaintiff's motion.

### I. BACKGROUND

On March 30, 2007, *pro se* Plaintiff filed the instant action against Defendant Plaintiff's former supervisor at Plaintiff's place of employment, Detroit Diesel Corporation ("DDC"). (Pl.'s Compl. at 4.) Plaintiff's complaint alleged (1) intentional infliction of emotional distress, (2) a violation of Title VII of the Civil Rights Act of 1964 (sexual harassment) and (3) a due process violation under the Fourteenth Amendment to the U.S. Constitution. (*Id.* at 12, 16, 22.) This action was the last of four lawsuits filed by Plaintiff and arising out of his employment with DDC.[1]

---

[1]Plaintiff has proceeded *pro se* for all four suits.

Plaintiff's first lawsuit, filed in Wayne County Circuit Court on September 21, 2005, was against his employer, DDC. (Wayne County Docket, Def.'s Ex. 1.) Plaintiff asserted seven state law tort claims consisting of retaliation, defamation, fraud, assault, invasion of privacy, "intentional harm" and negligence. (7/27/06 Michigan Court of Appeals Opinion at 1-5, Def.'s Ex. 3.) The trial court granted DDC's motion for summary judgment and dismissed the case on the basis that Plaintiff failed to state a claim upon which relief could be granted. (*Id.*) The decision was affirmed by the Michigan Court of Appeals. (*Id.*) Plaintiff filed an application for leave to appeal to the Michigan Supreme Court, and the application was denied. (12/28/06 Michigan Supreme Court's order, Def.'s Ex. 4.)

While Plaintiff's first case was pending in the Michigan Court of Appeals, Plaintiff filed his second case arising out of his employment. The second action, filed in July 2006 in Wayne County Circuit Court, alleged one count of intentional infliction of emotional distress against Defendant Green. (Pl.'s 7/10/06 Compl., Def.'s Ex. 5.) Plaintiff's case was dismissed on October 20, 2006 when the trial court granted Defendant's motion for summary judgment on the basis that Plaintiff's claims were barred by *res judicata* and collateral estoppel. (10/20/06 Motion Hearing Tr. at 12-13, Def.'s Ex. 10.) Plaintiff filed a motion for reconsideration, which was denied.

On October 6, 2006, while Plaintiff's application for leave to appeal to the Michigan Supreme Court was pending in his first case, and while a motion for summary judgment was pending in his second case, Plaintiff filed his third suit alleging conduct arising out of his employment against DDC. This suit was filed in the United States District Court for the Western District of Michigan and alleged six state law claims for

defamation, fraud, assault, invasion of privacy, intentional harm and retaliation.

(Magistrate's R. & R., Def.'s Ex. 11.)  Judge Bell dismissed Plaintiff's case on the

ground that the court lacked subject matter jurisdiction.[2]  (11/28/06 W.D. Mich. Opinion,

Def.'s Ex. 12.)  The court pointed out that all of Plaintiff's claims arise under state law

and further there is no complete diversity as DDC's principal place of business is in

Michigan.  (*Id.* at 1.)  In response to Plaintiff's request to amend his complaint to add

constitutional violations, the court explained in its opinion that "[a]n attempt to allege a

federal claim under the Constitution would be futile, as the defendant is a private

corporation, and the constitutional guarantees of due process and equal protection

apply only to the federal governments and to the states."  (*Id.* at 2.)

Plaintiff initiated this lawsuit, his fourth, against the instant Defendant on March

30, 2007.  After holding a hearing, this court granted Defendant's "Motion to Dismiss" on

June 28, 2007 after determining that Plaintiff's claims were barred by the *Rooker-*

*Feldman*[3] and *res judicata* doctrines, and Plaintiff's Title VII claim was barred because

there is no individual liability under Title VII and Plaintiff did not file an EEOC charge.

(6/28/07 Order.)

On July 23, 2007, Defendant filed his "Motion for Sanctions," and on July 27,

---

[2]In his motion for sanctions, Plaintiff claims that he filed his third suit in Lansing and it was "erroneously forwarded to the Western District." (Pl.'s Mot. at 11.)  The court takes judicial notice of the fact that Lansing is located in the Western District of Michigan.

[3]The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257.

2007, Plaintiff filed his "Counter Motion for Sanctions."  Plaintiff claims that he is entitled

to sanctions because his underlying claims against Defendant have merit and are not

barred by *res judicata* or the *Rooker-Feldman* doctrine, and Defendant's arguments are

made in bad faith, for oppressive reasons, and constitute a fraud upon the court.[4]

Defendant asserts that he is entitled to Rule 11 sanctions because Plaintiff has acted in

bad faith and vexatiously throughout the course of this litigation and all of his legal

claims are unsupported by the law.  (Def.'s Mot. at 3.)

## II.  STANDARD

A district court has broad discretion in deciding the nature and extent of

sanctions to impose under Rule 11.[5]  *Runfola & Assoc., Inc. v. Spectrum Reporting II*,

*Inc.*, 88 F.3d 368, 376 (6th Cir. 1996).  The court has discretion to award sanctions

under Rule 11 when an attorney submits a motion or pleading that is presented for an

improper purpose (e.g., harassment, delay or increased costs), sets forth legal

arguments that are not reasonably warranted under existing law or contains factual

allegations that have no evidentiary support.  Fed. R. Civ. P. 11(b).  Rule 11 sanctions

are appropriate when the district court determines that an attorney's conduct is not

"reasonable under the circumstances."  *Mann v. G & G Mfg., Inc.,* 900 F.2d 953, 958

---

[4]Plaintiff claims that Defendant evaded service, continually blocked Plaintiff's attempts at discovery and filed vexatious motions misrepresenting facts.  (*See* generally Pl.'s Mot.)

[5]Defendant also moves for sanctions pursuant to the court's inherent authority to impose sanctions.  (Def.'s Mot. at 9.)  The court notes that "the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation."  *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).  Because sanctions are warranted in this case under Rule 11, the court need not address the possibility of an additional basis for sanctions.

(6th Cir. 1990).  A good faith belief in the merits of a case is insufficient to avoid

sanctions.  *Id.*

### III.  DISCUSSION

In support of his assertions that Plaintiff has acted in bad faith and vexatiously,

Defendant cites to Plaintiff's pursuit of four lawsuits arising out the same course of

events, his prolific and frivolous motion practice and his protests on DDC premises.

(*See* generally Def.'s Mot.)  Although Plaintiff's relentless pursuit of unsustainable

claims troubles the court, it is unclear that Plaintiff has acted in bad faith or vexatiously.

The court is inclined to think that Plaintiff's claims, albeit misguided, stem from his

sincere and earnest belief that he has been wronged by Defendant and overlooked by

the judicial system.

Nevertheless, as noted above, a good faith belief in the merits of a case is

insufficient to avoid sanctions.  *Mann*, 900 F.2d at 958.  The court finds that Plaintiff was

either aware or should have been aware that his claims were untenable.  All three

claims raised by Plaintiff in his current complaint are clearly defective.  With respect to

his claim of IIED, Plaintiff already made this claim against Defendant in his second suit

and such claim was dismissed on the grounds of *res judicata* and collateral estoppel.

Regarding Plaintiff's Title VII claim, it is barred because there is no individual liability

under Title VII and because Plaintiff never filed the required EEOC charge.  Further,

*res judicata* also bars the claim because it could have been brought in Plaintiff's prior

actions.  With respect to Plaintiff's Fourteenth Amendment due process claim,

Defendant Green is not a state actor, the claim is barred by the *Rooker-Feldman*

doctrine as Plaintiff is essentially arguing that the state court proceedings were

5

constitutionally infirm, and the claim is also likewise barred by *res judicata*.  The multiple

opinions disposing of Plaintiff's claims for the very reasons outlined above put, or should

have put Plaintiff on notice that his claims are untenable.  Those opinions specifically

state that Plaintiff's claims are barred by *res judicata* and that Plaintiff's constitutional

claims are unsustainable because DDC and Green are not state actors.  The court finds

that Plaintiff's persistent attempts to relitigate matters previously decided by this and

other courts and to bring claims that are unsupported by the law warrants an imposition

of sanctions.  Specifically, the court shall require Plaintiff to pay Defendant's actual

costs and attorneys' fees incurred in this case.

Defendant further asks the court to require Plaintiff, before being permitted to file

another lawsuit arising out of his employment, to file a bond to cover potential costs,

attorneys' fees or sanctions that may be imposed upon Plaintiff or obtain certification

from a United States Magistrate that his claims are not frivolous and brought for an

improper purpose.  (Def.'s Mot. at 11-13.)  Although sanctions of the severity requested

by Defendant may be appropriate in some cases, at present they do not appear

warranted here.  As explained above, although Plaintiff has tenaciously pursued his

claims over the course of four lawsuits, it is unclear that Plaintiff has acted in bad faith.

Plaintiff does not appear to be pursuing his claims for an improper purpose, but rather,

out of a genuine belief that his claims have merit.  In light of the fact that the remedy

sought by Defendant is generally reserved for cases where a plaintiff has acted in bad

faith and egregiously, and because the court is satisfied that there exist sufficient

remedies, including Rule 11 sanctions, to address Plaintiffs who bring actions that are in

bad faith or unsupported by the law, the court will deny Defendant's request for

additional sanctions.  *See INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d

391, 401 (6th Cir. 1987) (stating that, "in deciding the nature and extent of sanctions to

impose, the district court is given wide discretion").  The court will, however, caution

Plaintiff that, should he continue his pursuit of claims that this or other courts have

denounced as unsustainable or should he bring new claims that are clearly unsupported

by the law, he will be subject to additional sanctions.  Plaintiff is urged to be mindful that

a sincere belief that his claims have merit will not shield him from sanctions of a likely

ever increasing severity.

## IV.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's "Motion for Sanctions" [Dkt. # 24] is

GRANTED and Plaintiff's "Counter Motion for Sanctions" [Dkt. #26] is DENIED as

lacking merit.  If the parties are unable to file a stipulation regarding Defendant's

attorneys' fees and costs, Defendant shall submit an affidavit and detailed supporting

documentation evidencing such reasonable attorneys' fees and costs[6] on or before

**September 11, 2007**.  Plaintiff may file objections, if any, by **September 18, 2007.**


s/Robert H. Cleland
ROBERT H. CLELAND

---

[6]Defendant is entitled to his attorneys' fees and costs incurred as a result of only the instant suit, not Plaintiff's prior three suits.  Furthermore, because Plaintiff did not specifically request the oral argument that occurred at the court's June 26, 2007 hearing, and *the court* thought it important to hold the hearing in part to allow Plaintiff his "day in court," the court finds that it would not be appropriate for Defendant to include as part of his fees and costs those fees and costs incurred in preparing for, or participating in, the court's June 26, 2007 hearing.

UNITED STATES DISTRICT JUDGE

Dated:  September 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 6, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522