**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL L. MEIER,

    Plaintiff,

v.                                                      Case No. 07-CV-11410

ROBERT L. GREEN,

    Defendant.
                                           /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**

Pending before the court is Plaintiff Daniel Meier's "Motion for Recusal," filed September 18, 2007. The matter has been briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

On March 30, 2007, *pro se* Plaintiff filed the instant action against Defendant Robert Green, Plaintiff's former supervisor at Plaintiff's former place of employment, Detroit Diesel Corporation ("DDC"). (Pl.'s Compl. at 4.) Plaintiff's complaint alleged (1) intentional infliction of emotional distress, (2) a violation of Title VII of the Civil Rights Act of 1964 (sexual harassment) and (3) a due process violation under the Fourteenth Amendment to the U.S. Constitution. (*Id.* at 12, 16, 22.)

Plaintiff has had a rather substantial history of filing lawsuits arising out of his employment and against Defendant or DDC, the instant action being his fourth. Plaintiff's first suit was dismissed for failure to state a claim upon which relief could be

granted. (9/6/07 Order at 2.) The decision was affirmed by the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal. (*Id.*) Plaintiff's second suit was dismissed on the basis of *res judicata* and collateral estoppel, the court finding that the issues in Plaintiff's second suit were, or should have been, presented in Plaintiff's first action. (*Id.*) Plaintiff's third action was dismissed for lack of subject matter jurisdiction. (*Id.* at 3.) The instant fourth action was dismissed on the grounds that Plaintiff's claims were barred by the *Rooker-Feldman*[1] and *res judicata* doctrines, and Plaintiff's Title VII claim was barred because there is no individual liability under Title VII and Plaintiff did not file an EEOC charge. (*See generally id.*)

On September 6, 2007 this court entered an order granting Defendant's motion for sanctions. (*Id.*) The court found as follows:

> The court finds that Plaintiff was either aware or should have been aware that his claims were untenable. All three claims raised by Plaintiff in his current complaint are clearly defective. With respect to his claim of IIED, Plaintiff already made this claim against Defendant in his second suit and such claim was dismissed on the grounds of *res judicata* and collateral estoppel. Regarding Plaintiff's Title VII claim, it is barred because there is no individual liability under Title VII and because Plaintiff never filed the required EEOC charge. Further, *res judicata* also bars the claim because it could have been brought in Plaintiff's prior actions. With respect to Plaintiff's Fourteenth Amendment due process claim, Defendant Green is not a state actor, the claim is barred by the *Rooker-Feldman* doctrine as Plaintiff is essentially arguing that the state court proceedings were constitutionally infirm, and the claim is also likewise barred by *res judicata*. The multiple opinions disposing of Plaintiff's claims for the very reasons outlined above put, or should have put Plaintiff on notice that his claims are untenable. . . . The court finds that Plaintiff's persistent attempts to

---

[1] The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257.

2

> relitigate matters previously decided by this and other courts and to bring claims that are unsupported by the law warrants an imposition of sanctions. Specifically, the court shall require Plaintiff to pay Defendant's actual costs and attorneys' fees incurred in this case.

(*Id.* at 5-6.)

On September 18, 2007 Plaintiff filed his objections to the court's order granting sanctions and also filed a motion for recusal, the latter currently pending before the court. (*See generally* Pl.'s Mot.)

## II. STANDARD

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003)).

A district court judge must recuse himself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based 'on the subjective view of a party.'" *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir.1990). A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do. *In re Certain Underwriter,* 294 F.3d 297, 302 (2d Cir. 2002).

## III. DISCUSSION

Plaintiff's motion for recusal states that recusal is proper because the court has engaged in obstruction of justice, fraud upon the court, abuse of process, extortion, malicious prosecution, color of law violations and acts of treason. (Pl.'s Mot. at 1.) Plaintiff further states that "there will be a conflict of interest in further proceedings rendering objective ruling impossible." (*Id.*) Plaintiff, however, points to nothing in the record or elsewhere to support his claims. Plaintiff's motion is just over one page in length and consists only of the aforementioned bare allegations; it is wholly without any factual basis or supporting evidence. Further, the allegations appear limited to objections to this court's judicial rulings; they do not involve claims of personal or extrajudicial bias or prejudice.[2] *Jamieson*, 427 F.3d at 405. Because Plaintiff cannot demonstrate a legitimate basis for recusal under the applicable standards, his motion fails.

---

[2]On the same day that Plaintiff filed his motion for recusal, Plaintiff separately filed "Plaintiff's Objections to 'Opinion and Order Granting Defendant's Motion for Sanctions and Denying Plaintiff's Counter Motion for Sanctions.'" In that document, Plaintiff argued, *inter alia*, that the court deprived him of his constitutional rights by not ruling in his favor, that the sanctions are "unwarranted baseless and illegal sanctions and fraud upon the court," that the sanctions "are being applied with evil intent" and that "[t]hese proceedings were initiated for a just cause and the actions of the judge and the defendant are to pervert the case by misrepresenting claims, doctrines, rules, precedent to accomplish an ulterior motive." (*See generally* Plaintiff's Objections to Opinion and Order Granting Defendant's Motion for Sanctions and Denying Plaintiff's Counter Motion for Sanctions.) As explained above, Plaintiff's allegations fail because they are without factual basis or supporting evidence and further, they are focused upon the court's judicial rulings, not upon anything personal or extrajudicial.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Recusal" [Dkt. # 32] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  October 1, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 1, 2007, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522