UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. MEIER,

        Plaintiff,                              CIVIL ACTION NO. 07-11410

      v.                                      DISTRICT JUDGE ROBERT H. CLELAND

ROBERT L. GREEN,               MAGISTRATE JUDGE VIRGINIA MORGAN

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

       This matter was referred for a Report and Recommendation on Defendant's Motion for Sanctions and the Amount of Sanctions (pursuant to a remand from the United States Court of Appeals for the Sixth Circuit) (D/E #56). The parties were ordered to "submit supplemental briefs, affidavits, and other supporting documents regarding the issue of how much the sanction award should be by Monday, November 10, 2008." (D/E #58) Only defendant submitted a supplemental brief (D/E #59). On December 1, 2008, the Court held a motion hearing on this issue. For the reasons stated below, it is recommended that plaintiff be sanctioned in the amount of $1,500 and that the district judge enter an order barring plaintiff from filing any lawsuits against defendant or defendant's employer, the Detroit Diesel Corporation (DDC), without the prior approval of the Chief Judge of the United States District Court for the Eastern District of Michigan.

**II. Background**

On October 10, 2008, plaintiff filed the *pro se* complaint in this matter against defendant, who was plaintiff's supervisor at DDC, alleging sexual harassment under Title VII, 42 U.S.C. § 2000e, violation of his civil rights, and a state-law tort claim of "outrage" (D/E #1). Plaintiff then requested to proceed *in forma pauperis* (D/E #2) and that request was granted by the District Court (D/E #5).

As later stated by the Sixth Circuit, plaintiff had "previously filed at least two lawsuits in Michigan state court that set forth nearly identical factual allegations and very similar legal claims, and he has also filed a similar lawsuit in federal district court in the Western District of Michigan. The first of [plaintiff's] state lawsuits was rejected on the merits, and the second was barred pursuant to the doctrine of *res judicata*. The federal lawsuit was dismissed for lack of subject-matter jurisdiction." Meier v. Green, Nos. 07-1941/2260/2389/2492, (6th Cir. July 31, 2008).

On June 28, 2007, the District Court entered an order granting defendant's motion to dismiss (D/E #20). As found by the District Court, plaintiff's claims regarding the state courts' handling of his employment claims were barred by the *Rooker-Feldman* doctrine[1] and the

---

[1] The *Rooker-Feldman* doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257." See Rooker-Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See also Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008).

substantive claims themselves were barred pursuant to the doctrine of *res judicata*.[2] The District Court also found that plaintiff's Title VII claim was barred because there is no individual liability under Title VII and plaintiff had not filed an Equal Employment Opportunity Commission ("EEOC") charge.

Following the dismissal of plaintiff's claims, on July 23, 2007, defendant moved for the imposition of sanctions pursuant to the inherent power of courts and Fed. R. Civ. P. 11 (D/E #24). On September 6, 2007, the District Court granted defendant's motion for sanctions, finding that:

> Plaintiff was either aware or should have been aware that his claims were untenable. All three claims raised by Plaintiff in his current complaint are clearly defective. With respect to his claim of IIED, Plaintiff already made this claim against Defendant in his second suit and such claim was dismissed on the grounds of *res judicata* and collateral estoppel. Regarding Plaintiff's Title VII claim, it is barred because there is no individual liability under Title VII and because Plaintiff never filed the required EEOC charge. Further, *res judicata* also bars the claim because it could have been brought in Plaintiff's prior actions. With respect to Plaintiff's Fourteenth Amendment due process claim, Defendant Green is not a state actor, the claim is barred by the *Rooker-Feldman* doctrine as Plaintiff is essentially arguing that the state court proceedings were constitutionally infirm, and the claim is also likewise barred by *res judicata*. The multiple opinions disposing of Plaintiff's claims for the very reasons outlined above put, or should have put Plaintiff on notice that his claims are

---

[2] Under the doctrine of *res judicata*, also known as claim preclusion, a party is precluded from bringing a claim when there exists "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies[';] (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." United States v. Vasilakos, 508 F.3d 401, 406 (6th Cir. 2007) (alteration in original) (quoting Saylor v. United States, 315 F.3d 664, 668 (6th Cir. 2003)).

> untenable. . . . The court finds that Plaintiff's persistent attempts to relitigate matters previously decided by this and other courts and to bring claims that are unsupported by the law warrants an imposition of sanctions. Specifically, the court shall require Plaintiff to pay Defendant's actual costs and attorneys' fees incurred in this case. [D/E #29, p. 5-6]

In granting that request for attorneys' fees and costs incurred in this case, the District Court also ordered that, unless the parties were able to stipulate to reasonable feed and costs, defendant was to submit an affidavit and detailed supporting documentation evidencing such reasonable attorneys' fees and costs. Plaintiff, if he wished, was granted leave to file objections to defendant's affidavit. (D/E #29, p. 7)

On September 11, 2007, defendant submitted an affidavit and supporting documentation seeking $18,242.38 in attorneys' fees and costs, comprised of 76.8 hours of attorney time at $205.00 per hour, 2.2 hours of attorney time at $315.00 per hour, thirteen hours of paralegal time at $100.00 per hour and $505.38 in costs (D/E #31). On September 18, 2007, plaintiff filed his objections, but instead of addressing the reasonableness of the amount of attorneys' fees and costs sought by defendant, plaintiff only attacked the District Court's decision to award sanctions.

On October 5, 2007, the District Court entered an order awarding a total of $18,055.38 in attorney's fees and costs to defendant (D/E #37). In making that decision, the District Court noted that defendant sought to recover fees for work performed by attorney William Altman at $205 per hour, by attorney Gregory Murray at $315 an hour and by paralegal Sandra Engebretsen at $100 per hour. Regarding Altman's rate of pay, the District Court stated:

-4-

> The instant case appears to represent at least an average degree of complexity, with Plaintiff's complaint alleging (1) intentional infliction of emotional distress, (2) a violation of Title VII of the Civil Rights Act of 1964 (sexual harassment) and (3) a due process violation under the Fourteenth Amendment to the U.S. Constitution. (Pl.'s Compl. at 12, 16, 22.) Given that an hourly rate of $200 constitutes a fair average billing rate for fee award purposes in several types of litigation, the court finds that Altman's requested fee of $205 per hour is reasonable under the circumstances. The modest upward departure in hourly fee is justified by Altman's background, skill and experience, the time and labor invested in this case and the results obtained from the litigation. [D/E #37, p. 5]

Regarding Murray's rate of pay, the District Court stated:

> Although Murray cites generally to his background and expertise, he does not present sufficient evidence that an hourly rate of $315 is reasonable in this market. The court does, however, find that Murray's partner status and his nearly thirty years of expertise in the field of labor and employment law warrant a reasonable upward departure in hourly rate. The court finds that, under the circumstances, $230 per hour is a reasonable rate for Murray. This rate is in the range of other fee awards granted in this district. [D/E #37, p. 6]

Regarding Engebretsen's rate of pay, the District Court stated:

> the court finds that Defendant's requested paralegal rate is reasonable, considering Engebretsen's thirteen years of experience, the rate increases from 2003, the complexity of the instant case and the rates awarded in similar cases. [D/E #37, p. 6]

In discussing the number of hours reasonably expended and the costs claimed by defendant, the

District Court stated:

> Defendant seeks compensation for a total of seventy-nine hours of attorney time and thirteen hours of paralegal time. The attorney time consists of time spent (1) meeting with Defendant to discuss the case and strategy, (2) meeting with co-counsel to discuss

> strategy, (3) reviewing prior litigation files, (4) reviewing
> Plaintiff's motion for default judgment, (5) working on
> Defendant's motion to dismiss, (6) working on Defendant's motion
> for a protective order, (7) working on Defendant's first motion for
> sanctions, (8) working on a response to Plaintiff's motion for a
> default judgment and (9) reviewing the court's orders regarding
> Plaintiff's motion for a default judgment, and Defendant's motion
> to dismiss, motion for a protective order and first motion for
> sanctions. Moreover, the paralegal time consists of time spent (1)
> reviewing prior case pleading logs, (2) endeavoring to obtain
> various transcripts, (3) obtaining photographs from Detroit Diesel
> security, (4) assembling exhibits to Defendant's motion to dismiss,
> motion for protective order and motion for sanctions and (5)
> hand-delivering courtesy copies of Defendant's motions to the
> court.
>
> The court finds that the aforedescribed seventy-nine hours of
> attorney time and thirteen hours of paralegal time were reasonably
> expended. The hours claimed are neither vaguely documented nor
> excessive, and were expended as a direct result of defending
> against the allegations in Plaintiff's complaint and his other
> pleadings. Accordingly, the court awards Defendant its attorneys'
> fees for 76.8 hours of attorney time at a rate of $205 per hour, 2.2
> hours of attorney time at a rate of $230 per hour and thirteen hours
> of paralegal time at $100 per hour, for a total attorneys' fees award
> of $17,550.
>
> Altman claims $505.38 in costs, comprised of a $457.97 in
> computer research costs, $36.90 in photocopy costs and $10.51 in
> postage costs. The court determines that these costs are reasonable
> and necessary. In light of Plaintiff's failure to present any evidence
> to the contrary, the court will award Defendant $505.38 in costs.
> [D/E #37, pp. 7-8 (citations omitted)]

Plaintiff appealed, among other things, both the order dismissing his claims and the award of

sanctions (D/E #34).

On July 31, 2008, the Sixth Circuit entered an order affirming the order granting

sanctions, but remanding for further proceedings with respect to the amount of the sanction

award (D/E #53). According to the Sixth Circuit, the District Court improperly bypassed Fed. R. Civ. P. 11 procedures while awarding sanctions and the matter needed to be remanded for consideration of the factors outlined in <u>Danvers v. Danvers</u>, 959 F.2d 601, 605 (6th Cir. 1992).

Following the order of remand, the District Court referred this matter to this Court for a Report and Recommendation (D/E #56) and the parties were ordered to submit supplemental briefs by November 10, 2008 (D/E #58). Only defendant submitted a supplemental brief (D/E #59). On December 1, 2008, the Court held a motion hearing on this issue, with plaintiff appearing by phone.

### III. Discussion

As discussed above, the Sixth Circuit remanded this action for consideration of the factors outlined in <u>Danvers v. Danvers</u>, 959 F.2d 601, 605 (6th Cir. 1992). In <u>Danvers</u>, the Sixth Circuit identified four factors to be considered when making an award of sanctions under Fed. R. Civ. P. 11:

> The first and most important factor is deterrence. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced, however. Because deterrence is the primary goal, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party must act promptly and avoid any unnecessary expenses in responding to papers that violate the rule. Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney-or, as here, a pro se litigant-but to deter him from repeating the conduct prohibited by Rule 11. [<u>Danvers v. Danvers</u>, 959 F.2d 601, 605 (6th Cir. 1992)(internal citations omitted).]

In this case, the need to deter plaintiff is high as this is plaintiff's fourth action in a line of complaints alleging setting forth nearly identical factual allegations and very similar legal claims. While the first action was dismissed on the merits, the later actions were found to be barred on procedural grounds and plaintiff was informed that his claims could not proceed. Despite the clear rulings in those earlier proceedings, plaintiff brought this frivolous action. Moreover, as stated in defendant' supplemental brief, plaintiff has filed another complaint against DDC, among others, in the United States District Court for the District of Columbia.[3]

With respect to the need to compensate defendant for expenses incurred in litigating the improperly filed lawsuit, the District Court's earlier opinion and order awarding attorneys' fees and costs to defendant throughly described how defendant incurred $18,055.38 in attorneys' fees and costs while litigating this improperly filed lawsuit. While that amount was slightly less than defendant originally sought, defendant indicated in his supplemental brief that such an amount was sufficient to compensate him and plaintiff did not challenge that amount in his appeal or in a supplemental brief. Furthermore, while plaintiff is only to be sanctioned for his conduct in this case, the fact that this case is plaintiff's fourth action against defendant or DDC also demonstrates that defendant's need for compensation is high.

The mitigation factor also appears to weigh in favor of imposing sanctions for all of defendant's fees and costs. As discussed above, the District Court's opinion and order thoroughly describes why the $18,055.38 defendant incurred in fees and costs was reasonable

---

[3]On December 31, 2007, the District of Columbia District Court transferred plaintiff's case to the Eastern District of Michigan. Plaintiff has appealed that transfer order and his appeal remains pending. (Exhibits 22 and 23 to Defendant's Supplemental Brief)

and plaintiff did not challenge the reasonableness of the fees in an appeal or supplemental brief. At oral argument, plaintiff did assert that defendant filed numerous frivolous motions in this action. However, defendant's motion for protective order, motion to dismiss and second motion for sanctions were all granted and clearly not frivolous. Defendant's first motion for sanctions was denied without prejudice as premature, but there is nothing to indicate that defendant expended useless effort on frivolous actions or accumulated unnecessary expenses. This case was a relatively simple matter that defendant took proper steps to defend against and get promptly dismissed.

In considering plaintiff's ability to pay sanctions, it appears that plaintiff cannot pay any significant amounts. While plaintiff did not file a supplemental brief discussing this factor, he stated at oral argument that he has no income, owes back child support, lives at a friend's house and will probably declare bankruptcy soon. Defendant's attorney did not dispute plaintiff's statements and confirmed that they were consistent with a creditor's examination performed months ago.

As discussed above, while the Sixth Circuit identified four factors in Danvers, it also stated that deterrence is the primary goal of the sanctions and, therefore, the minimum necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. Danvers, 959 F.2d at 605. In this case, the minimum amount necessary to deter plaintiff in this case is unclear. The $18,055.38 sanction award imposed by the District Court earlier did not stop plaintiff from filing another action against DDC prior to the reversal of the sanctions award by the Sixth Circuit and there is no indication that plaintiff could have paid

that award, or any award of a significant amount. Given plaintiff's inability to pay anything more than insignificant sanctions as well as the apparent ineffectiveness of the previous sanctions imposed by the District Court, plaintiff cannot pay the minimum amount of sanctions necessary to deter him and the District Court should award sanctions of a different nature.

While this court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996), the court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Ortman, 99 F.3d at 811. See also Futernick v. Sumpter Tp., 207 F.3d 305, 314 (6th Cir. 2000) (finding that an order requiring a plaintiff to obtain the court's permission before filing any further motions was proper where the plaintiff was inundating the district court with repetitive motions and such an order did not violate the plaintiff's constitutional rights to due process and equal protection); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[I]t is clear that the plaintiffs are vexatious litigants who have filed many complaints concerning the same 1972 automobile accident. The district court entered an order requiring leave of court before the plaintiffs filed any further complaints. This requirement is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the First Amendment."); Chance v. Todd, 74 Fed. Appx. 598, 600 (6th Cir. 2003) ("the district court properly exercised its authority to issue an injunction to prevent Chance, a prolific litigant who has filed at least four frivolous lawsuits, from filing further actions without first obtaining leave of court.").

It is clear that plaintiff is a vexatious litigant who has filed numerous complaints concerning the same alleged events. The proper method for handling the complaints of prolific litigants, and one that does not violate the First Amendment to the United States Constitution, is an order requiring leave of court before the plaintiff files any further complaints against defendant or defendant's employer. Therefore, this Court recommends that the plaintiff be permanently enjoined from filing any civil lawsuit alleging or asserting factual or legal claims against defendant or DDC without first obtaining prior approval of the Chief Judge of the United States District Court for the Eastern District of Michigan. If the action is based upon or arising out of the legal or factual claims alleged in this action or any of the actions underlying it, the application for a new case may result in additional sanctions.

Moreover, while plaintiff cannot afford to pay any amount of sanctions that would compensate defendant, defendant should receive some amount of monetary sanctions in addition to the prohibition against plaintiff filing any more lawsuits against defendant or DDC without the prior approval of the Chief Judge. In this Court's view, plaintiff should also be sanctioned $1,500 because that is an amount that plaintiff may be able to pay, and that provides some compensation to defendant and deterrence to plaintiff.

## IV. Conclusion

For the reasons discussed above, it is recommended that plaintiff be sanctioned in the amount of $1,500 and that the district judge enter an order barring plaintiff from filing any lawsuits against defendant or defendant's employer without the prior approval of the Chief Judge of the United States District Court for the Eastern District of Michigan.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

       s/Virginia M. Morgan
       Virginia M. Morgan
       United States Magistrate Judge

Dated: January 7, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Daniel Meier via the Court's ECF System and/or U. S. Mail on January 7, 2009.

       s/Jane Johnson
       Case Manager to
       Magistrate Judge Virginia M. Morgan