UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. MEIER,

    Plaintiff,

v.                                                                                                  Case No. 07-CV-11410

ROBERT L. GREEN,

    Defendant.
                                                  /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, IMPOSING SANCTIONS, AND BARRING FUTURE FILINGS**

On January 7, 2009, Magistrate Judge Virginia Morgan issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court sanction Plaintiff Daniel L. Meier in the amount of $1,500 and bar him from filing any lawsuits against Defendant Robert L. Green or his employer, Detroit Diesel Corporation, without the prior approval of the Chief Judge of the United States District Court for the Eastern District of Michigan. Plaintiff filed timely[1] objections on January 27, 2009. The court will overrule Plaintiff's objections and adopt the R&R in full.

### I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo*

---

[1] By operation of Eastern District of Michigan Local Rule 6.1 and Federal Rule of Civil Procedure 6(a), objections were due, at the latest, on the same day that Plaintiff filed his objections, January 27, 2009.

review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

The court has reviewed Plaintiff's nineteen-page document entitled "Plaintiff's Objections to Report and Recommendation," and cannot discern a single, reasoned "objection" as that term is meant under 28 U.S.C. § 636.  Rather, Plaintiff's document is a continuation of his persistent argument that the court erred in dismissing his claims and in awarding sanctions at all.  However, both the decision to dismiss the claims as well as the decision to award sanctions has already been affirmed by the Sixth Circuit.

(*See* 7/31/08 Opinion, Dkt. # 53.)  Any attempt to revive a challenge to the dismissal order or sanction decision is misplaced.

Rather, the magistrate judge correctly focused on the only remaining issue: arriving at an appropriate sanction *amount*.  Toward that end, the magistrate judge allowed additional briefing, conducted an independent review of the record, held a motion hearing, and issued a thorough and well-stated R&R.  Plaintiff's "objections" amount to little more than a restatement of arguments already presented to the court in previous filings.   A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . .  [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."); *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

Plaintiff here makes very little attempt to tailor his reproduced arguments to any reasoned analysis of the magistrate judge's report and recommendation.  Therefore, the

3

court does not view those eleven pages as raising any objection subject to review under 28 U.S.C. § 636(b)(1).  *See Howard,* 932 F.2d at 508-09; *Slater,* 28 F. App'x at 513; *Miller,* 50 F.3d at 380.  Plaintiff does not, for example, make any argument that the sanction amount of $1,500, which the magistrate judge arrived at after carefully considering all the factors under *Danvers v. Danvers*, 959 F.2d 601 (6th Cir. 1992), somehow constituted an unreasonable amount.  The court finds the magistrate judge's recommendation to be well-founded.  In the absence of pointed and persuasive objections to the contrary, the court will accept the magistrate judge's recommendation and impose sanctions in the amount of $1,500.

Additionally, Plaintiff has not specifically challenged the magistrate judge's recommendation that Plaintiff be banned from future filings against Defendant or his employer without prior approval of the Chief Judge of this district.  Plaintiff makes a vague and unsupported assertion that such an order would deny him his constitutional rights as well as deny him access to the legal system.  (Obj. at 1.)  The court disagrees.  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."  *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998) (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987)).  Plaintiff has indeed shown that he cannot be dissuaded from filing claims against Defendant or his employer, Detroit Deisel, despite multiple admonitions to cease from filing repetitive claims.  The Sixth Circuit has recognized that "[t]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims."  *Id.* (quoting *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)).  The court

4

agrees with the magistrate judge that the circumstances of this case justify implementing "a screening mechanism to filter out future complaints raising claims identical to those that have been rejected on so many previous occasions." *Id.* at 269-70. Accordingly, the court will adopt this portion of the magistrate judge's R&R as well.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 60] are OVERRULED, and the magistrate judge's January 7, 2009 Report and Recommendation [Dkt. # 61] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff shall pay Defendant $1,500 in sanctions. A separate order of injunction will issue.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2009, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\07-11410.MEIER.R&R.Adopt.OverruleObjections.wpd